# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1004V
Filed: March 8, 2019
UNPUBLISHED

| | |
|---|---|
| ANNE KNUDSON,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Christine Mary Becer*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 26, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury caused by her Tetanus, Diphtheria, Acellular Pertussis ("Tdap") vaccination. Petition at 1. On November 7, 2018, the undersigned issued a decision awarding compensation to petitioner in the amount of $110,305.07. ECF No. 45.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 16, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 51. Petitioner requests attorneys' fees in the amount of $18,255.00 and attorneys' costs in the amount of $826.48. *Id.* at 2. In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested is $19,081.48.

On February 5, 2019, respondent filed a response to petitioner's motion. ECF No. 52. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reason listed below. [3]

### I.    Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs.§ 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] A decision on fees and costs was initially filed on February 15, 2019 and was subsequently withdrawn on March 7, 2019. ECF Nos. 53 and 54. The decision filed on February 15, 2019 was withdrawn as the undersigned inadvertently awarded Ms. Mancuso rates outside of her experience range based on the *McCullough* factors and her previously awarded rates.

2

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

## II.  Attorney Fees

### A. Hourly Rates

#### i. Shealene P. Mancuso

Petitioner requests the following rates for work performed by Shealene Mancuso; $225 for work performed from June – October 2017; $250 for work performed from October 2017 – December 2018; and $275 for work performed in 2019.  Ms. Mancuso has previously been awarded the rates of $225 for work performed in 2017 and $233 for work performed in 2018.  *See Hyatt v. Sec'y of Health & Human Servs.,* No. 17-0650V, 2018 WL 4611618, (Fed. Cl. Spcl. Mstr. June 22, 2018)[4] (setting Ms. Mancuso's 2018 rate by referencing her 2017 rate).  The undersigned reduces Ms. Mancuso's rates for 2017 and 2018 to those previously awarded and reducing request for attorney fees in the amount of **$649.70**.[5]

Regarding Ms. Mancuso's requested hourly rate of $275 for work performed in 2019, the undersigned finds the proposed rate excessive based on her overall legal experience, the quality of work performed, her experience in the Vaccine Program, and her reputation in the legal community and the community at large.  *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323 at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).  The determination of the amount of reasonable attorneys' fees is within the special master's discretion.  *See, e.g., Saxton v. Sec'y of Health & Human Servs,* 3 F.3d 1517, 1520 (Fed. Cir. 1993).  Special masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991).  Moreover, special masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).  Under the Office of Special

---

[4] Ms. Mancuso was known as Shealene Priscilla Wasserman at the time of the *Hyatt* decision.

[5] This amount consists of ($250 - $225 = $25 x 1.1 hrs = $27.50) + ($250 - $233 = $17 x 36.6 hrs = $622.20) = $649.50.

Masters Attorneys' Forum Hourly Rate Fee Schedule, attorneys in the range of four through seven years of experience are entitled to hourly rates between $243 - $324 for work performed in 2019.[6]  Ms. Mancuso has four years of experience as of 2019.

An increase for 2019, based on the Producer Price Index for the "Office of Lawyers" (PPI-OL), provided by the Department of Labor Bureau of Labor Statistics, would result in a rate of $250 per hour, which is a more appropriate rate given the undersigned's experience and analysis of the McCulloch factors as applied to Ms. Mancuso.  Therefore, the undersigned reduces the fee request by **$52.50**.[7]

### B. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. In the Vaccine Program, secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at 387). A total of 1.7 hours were billed on tasks considered administrative including, opening file, scanning, processing invoices, uploading documents and mailing correspondence.  Examples of these entries include:[8]

- September 27, 2016 (0.20 hrs) "Open client file"
- July 31, 2017 (0.30 hrs) "Subpoena Packet sent to process server with instructions"
- August 10, 2017 (0.10 hrs) "Review and scan Proof of Service"
- September 12, 2017 (0.10 hrs) "Review of receipt from Court"
- November 14, 2017 (0.30 hrs) "Review and process invoice – Enterprise Process Service – Marshfield Clinic"

ECF No. 61 at 6, 8 and 9.

The undersigned reduces the request for attorney fees by **$257.50**[9], the total amount of the entries considered administrative.

---

[6] The Attorneys' Fee Schedule for 2019 is available at
http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202019.pdf.

[7] This amount consists of $275 - $250 = $25 x 52.5 hrs = $52.50.

[8] These are merely examples and not an exhaustive list.

[9] This amount consists of ($275 x .030 hrs = $82.50) + ($125 x 1.4 = $175) = $257.50.

### III. Attorney Costs

Petitioner requests reimbursement for attorney costs in the amount of $826.48. After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's request and awards the full amount of attorney costs sought.

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $18,121.78[10] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Shealene Priscilla Mancuso.**

The clerk of the court shall enter judgment in accordance herewith.[11]

**IT IS SO ORDERED.**

                                                  **s/Nora Beth Dorsey**
                                                  Nora Beth Dorsey
                                                  Chief Special Master

---

[10] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[11] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.